## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOUNT POCONO MUNICIPAL AUTHORITY,** | : | **CIVIL ACTION NO. 3:20-CV-1105** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RKR HESS, A DIVISION OF UTRS, INC.,** | : | |
| | : | |
| **Defendant and Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **INSTRUMENTATION, CONTROL & ENERGY ENGINEERING, LLC, and SCHOONOVER & VANDERHOOF ARCHITECTS, LLC,** | : | |
| | : | |
| **Third-Party Defendants** | : | |

## <u>MEMORANDUM</u>

Plaintiff Mount Pocono Municipal Authority ("Mount Pocono") commenced this civil action asserting claims for breach of contract and professional negligence against defendant RKR Hess. RKR Hess has filed a third-party complaint against third-party defendant Instrumentation, Control & Energy Engineering, LLC ("ICEE"). ICEE moves to dismiss RKR Hess's third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We will grant in part and deny in part ICEE's motion.

## I.  **Factual Background & Procedural History**

Mount Pocono is an independent agency of the Borough of Mount Pocono, Pennsylvania, that owns and operates a wastewater treatment plant and sewer systems for the Borough.  (Doc. 1-2 ¶¶ 1-2).  RKR Hess is an engineering firm offering engineering and planning services, including design and construction observation services for water treatment plants.  (Id. ¶¶ 3-4).

In 2013, Mount Pocono requested proposals for engineering services for the design of a spray irrigation system, cooling system, and wastewater treatment plant improvements (the "Project") in the Borough.  (Id. ¶ 6).  RKR Hess submitted a proposal and was ultimately awarded the contract.  (Id. ¶¶ 7-8).  Mount Pocono alleges RKR Hess "failed in its duties under the Contract" by making a litany of errors.  (Id. ¶ 24).

To complete the Project, RKR Hess entered into a consulting agreement with ICEE—a firm offering electrical engineering design and related services— under which ICEE would perform various services for RKR Hess.  (See Doc. 5 ¶¶ 5, 7).  RKR Hess alleges ICEE was responsible for performing the specific Project services claimed in Mount Pocono's complaint "to have been performed wrongly" and to have caused Mount Pocono's damages.  (Id. ¶ 8).  The agreement between RKR Hess and ICEE includes an indemnification clause insulating RKR Hess from liability arising from ICEE's work on the Project:

> [ICEE] hereby agrees to indemnify and hold harmless RKR HESS, its affiliates, agents, employees, directors, officers and shareholders from and against any and all suits, claims, losses, demands or damages []including reasonable attorneys' fees and costs arising

> out of or related to in any manner, the work performed
> under this Agreement unless such suit, claim, loss,
> demand or damage was proximately caused by the
> gross negligence or willful misconduct of RKR Hess.

(Doc. 5-3 ¶ 8).  Pursuant to this agreement, RKR Hess seeks to hold ICEE "liable over to Third-Party Plaintiff, jointly or severally liable with Third-Party Plaintiff, or liable to Third-Party Plaintiff for indemnity or, in the alternative, contribution." (Doc. 5 ¶ 10).

Mount Pocono initially filed this action in the Court of Common Pleas of Monroe County, Pennsylvania, before RKR Hess removed the action to this court. RKR Hess filed its answer and a counterclaim against Mount Pocono.  RKR Hess then filed third-party complaints against ICEE and another third-party defendant, Schoonover & Vanderhoof Architects, LLC.  The latter answered the third-party complaint, while ICEE moved to dismiss.  The motion to dismiss is fully briefed and ripe for disposition.

## II.   **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III.    Discussion

#### A.    RKR Hess's Third-Party Indemnification and Contribution Claims

ICEE makes two initial arguments.  *First*, ICEE claims RKR Hess cannot

seek to hold it jointly and severally liable with RKR Hess.  *Second*, ICEE argues that

RKR Hess's contribution and indemnification claims are premature and unripe.

We reject both arguments.

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as

third-party plaintiff, serve a summons and complaint on a nonparty who is or may

be liable to it for all or part of the claim against it."  FED. R. CIV. P. 14(a)(1).  Third-

party plaintiffs must set forth a claim of derivative or secondary liability between

the third-party plaintiff and the third-party defendant.  See Apple Am. Grp., LLC

v. GBC Design, Inc., 294 F. Supp. 3d 414, 420 (W.D. Pa. 2018) (citing Flickinger

v. Toys R Us, Inc., No. 3:10-CV-305, 2010 WL 4384252, at *1 (M.D. Pa. 2010)); Gamble

v. Treetop Dev., LLC, No. 3:16-CV-01960, 2017 WL 3392356, at *2 (M.D. Pa. Aug. 7,

2017) (quoting Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992)); EQT

Prod. Co. v. Terra Servs., LLC, 179 F. Supp. 3d 486, 492 (W.D. Pa. 2016) (citing 6

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1446 (3d ed.)).

That is, third-party plaintiffs may not implead third-party defendants on the theory

that the third-party defendant "is solely liable to the plaintiff."  See EQT Prod.,

179 F. Supp. 3d at 492 (citing Herndon Borough Jackson Twp. Joint Mun. Auth.

v. Pentair Pump Grp., Inc., No. 4:12-CV-01116, 2015 WL 2166097, at *2 (M.D. Pa.

May 8, 2015); O'Mara Enters., Inc. v. Mellon Bank, N.A., 101 F.R.D. 668, 670 (W.D.

Pa. 1983)).

Rule 14 is procedural in nature, but it provides the mechanism by which third-party plaintiffs may assert substantive rights to contribution or indemnity from third-party defendants.  Id. (citing Herndon Borough, 2015 WL 2166097, at *2). In Pennsylvania, "[t]he right of contribution exists among joint tort-feasors."  42 PA. CONS. STAT. § 8324(a).  As relevant here, the term "joint tort-feasors" means "two or more persons jointly or severally liable in tort for the same injury to persons or property."  Id. § 8322.  ICEE contends RKR Hess "seeks to impose sole, direct liability on ICEE for [Mount Pocono's] claims against RKR Hess."  (Doc. 28 at 6). Not so.  RKR Hess's claim for relief from ICEE is contingent on whether "the allegations of [Mount Pocono's] Complaint are proven at trial."  (Doc. 5 ¶ 10).  In other words, ICEE's liability vis-à-vis RKR Hess is dependent on (i.e., derivative of) the success of the litigation between Mount Pocono and RKR Hess.  This claim is permissible under Rule 14.  See Gamble, 2017 WL 3392356, at *3; Tiesler v. Martin Paint Stores, Inc., 76 F.R.D. 640, 643 (E.D. Pa. 1977); see also Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp., No. 3:10-CV-01559, 2016 WL 1728388, at *3 (M.D. Pa. Apr. 29, 2016).

ICEE also argues that RKR Hess's contribution and indemnity claims are premature until actual payment on the claim between Mount Pocono and RKR Hess is required.  (See Doc. 28 at 6-11).  To the contrary, courts in this circuit routinely permit third-party indemnification and contribution claims before the prime obligation to pay materializes.  See, e.g., Grant v. UPMC Pinnacle Hosps., No. 1:20-CV-1988, 2021 WL 1516464, at *2 (M.D. Pa. Apr. 16, 2021) (contribution and indemnity); Carpenter v. Pepperidge Farm, Inc., No. 20-3881, 2021 WL 780150, at *3

(E.D. Pa. Mar. 1, 2021) (indemnification); <u>Da Silva v. Temple Univ. Hosp., Inc.</u>, 506

F. Supp. 3d 318, 326-27 (E.D. Pa. 2020) (indemnity and contribution).  This approach

is consistent with both Rule 14's plain text and underlying purpose.  <u>See</u> <u>Da Silva</u>,

506 F. Supp. 3d at 326; <u>see also</u> 6 WRIGHT & MILLER, *supra*, § 1442 ("The objective of

Rule 14 is to avoid the situation that arises when a defendant has been held liable

to plaintiff and then finds it necessary to bring a separate action against a third

individual who may be liable to defendant for all or part of plaintiff's original

claim.").  We will therefore deny ICEE's motion to the extent it seeks dismissal

of RKR Hess's indemnification and contribution claims on ripeness grounds.

### B.      Public Policy Regarding Indemnification Clause

ICEE also argues that the indemnification clause in its contract with RKR

Hess is void, at least in part, because it violates Pennsylvania public policy.  (<u>See</u>

Doc. 28 at 16).  Pennsylvania's General Assembly enacted an anti-indemnification

law in 1970 to prohibit indemnity of design professionals in certain contexts.  <u>See</u> 68

PA. STAT. AND CONS. STAT. § 491.  The statute, which has gone largely untested in its

50-year tenure, provides:

> Every covenant, agreement or understanding in, or in
> connection with any contract or agreement made and
> entered into by owners, contractors, subcontractors or
> suppliers whereby an architect, engineer, surveyor or his
> agents, servants or employes shall be indemnified or held
> harmless for damages, claims, losses or expenses
> including attorneys' fees arising out of: (1) the preparation
> or approval by an architect, engineer, surveyor or his
> agents, servants, employes or invitees of maps, drawings,
> opinions, reports, surveys, change orders, designs or
> specifications, or (2) the giving of or the failure to give
> directions or instructions by the architect, engineer,
> surveyor or his agents, servants or employes provided

> such giving or failure to give is the primary cause of the
> damage, claim, loss or expense, shall be void as against
> public policy and wholly unenforceable.

Id.

Importantly, Section 491 does not prohibit *all* indemnification clauses
in contracts for professional design services.  It is narrow in scope and prohibits
design professionals from being indemnified for just two categories of claims:
(1) those arising from the professional's own "preparation or approval . . . of maps,
drawings, opinions, reports, surveys, change orders, designs or specifications," and
(2) those arising from the professional's own giving (or failing to give) instructions
when that conduct "is the primary cause" of a loss.  See id.; see also John Spearly
Constr., Inc. v. Penns Valley Area Sch. Dist., 121 A.3d 593, 604-05 (Pa. Commw. Ct.
2015).

ICEE asserts that, to the extent RKR Hess seeks to be indemnified for its
own conduct with respect to the Project, Section 491 bars relief.  (See Doc. 28 at 16).
The plain language of Section 491 clearly forecloses any effort by RKR Hess to be
indemnified by ICEE for RKR Hess's *own* errors.  See 68 PA. STAT. AND CONS. STAT.
§ 491.  RKR Hess moots the point in its responsive brief; it concedes that Section
491 precludes it from seeking indemnification for its own conduct.  (See Doc. 30 at 7
("The purpose of the statute is, of course, . . . to prevent architects, engineers, and
similar professionals from escaping liability for their *own negligence* by inserting
exculpatory clauses into their contracts.")).  As RKR Hess correctly notes, however,
this concession is of no moment, for two reasons: the agreement's indemnification
clause only indemnifies RKR Hess for harm caused *by ICEE* in performing *ICEE's*

8

*work*,[1] and RKR Hess's indemnification claim is "specifically limited to the work performed by ICEE" under the agreement.  (See id.)  In other words, neither the indemnification clause nor RKR Hess's claim thereunder falls within the scope of Section 491.  We will grant ICEE's motion solely to the extent we agree with both parties that Section 491 bars an engineering firm like RKR Hess from seeking indemnification for its own errors, but we will deny the motion to the extent it otherwise seeks to dismiss RKR Hess's indemnification claim.

## IV.   <u>Conclusion</u>

We will grant in part and deny in part ICEE's motion (Doc. 27) to dismiss.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 20, 2021

---

[1] As noted *supra*, the clause indemnifies RKR Hess for "all suits, claims, losses, demands or damages . . . *arising out of or related to in any manner[] the work performed under this Agreement* unless such suit, claim, loss, demand or damage was proximately caused by the gross negligence or willful misconduct of RKR Hess."  (Doc. 5-3 ¶ 8 (emphasis added)).  It is ICEE, not RKR Hess, whose work is the subject of the agreement and, thus, the indemnification clause.